IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | CASE NO. DNCW3:18CV110 |
| vs. ) | (Financial Litigation Unit) |
| ) | |
| DANNY BROOKSHIRE, ) | |
| Defendant. ) | |

## COMPLAINT

The United States of America, by and through its undersigned counsel, for its cause of action against Defendant states the following:

l. This is a civil action brought by the Government on behalf of victims who are owed restitution pursuant to a Judgment in a Criminal Case.

2. On or about November 20, 1998, a Judgment in a Criminal Case, case number 4:97CR208-4 was filed against Danny Brookshire. As part of said judgment, Defendant was ordered to pay a $100.00 special assessment and $93,872.50 in restitution to his victims.

3. A copy of the Judgment in a Criminal Case establishing the basis for Defendant's liability for this debt is attached to this Complaint as Exhibit A and incorporated by reference.

4. Pursuant to 18 U.S.C. 18 U.S.C. § 3613(b), the criminal restitution judgment is enforceable for 20 years from the date of sentencing.[1]

5. Based on these facts, Defendant's criminal restitution judgment will expire on November 20, 2018.

6. Thus, the Government now seeks a civil judgment against Defendant so that it may

---

[1] The Government may enforce restitution in accordance with all provisions applicable to the enforcement of a criminal fine. *See* 18 U.S.C. § 3613 (f) and 18 U.S.C. § 3664(m)(1)(A).

continue to collect the criminal restitution for the benefit of the named victims.

7. Defendant is not in military service within the purview of the Soldiers' and Sailors' Civil Relief Act of 1940, as amended by the Service Members' Civil Relief Act of 2003.

8. As of February 16, 2018, the Clerk of Court balance is $71,749.46. No interest is sought on this amount.

9. Defendant has not made a voluntary payment since October 6, 2003, and current payments are through the Treasury Offset Program.

Wherefore, Plaintiff prays for judgment against Defendant in the amount of $71,749.46 as of February 16, 2018, the costs of this action and such other and further relief to which Plaintiff may be entitled in law or equity.

This 9th day of March, 2018.

    R. ANDREW MURRAY
    UNITED STATES ATTORNEY
    WESTERN DISTRICT OF NORTH CAROLINA

    **s/Tiffany M. Mallory**
    Assistant United States Attorney
    GASB# 744522
    227 West Trade Street, Suite 1650
    Charlotte, NC 28202
    Ph: 704-344-6222
    Fx: 704-227-0248
    Tiffany.Mallory@usdoj.gov



# United States District Court
## Western District of North Carolina

UNITED STATES OF AMERICA

v.

DANNY BROOKSHIRE
(Name of Defendant)

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 4:97cr208-4

Wallace Respass
Defendant's Attorney

FILED
ASHEVILLE, N. C.
NOV 20 1998
U.S. DISTRICT COURT
W. DIST. OF N. C.

**THE DEFENDANT:**

X  pleaded guilty to count(s) 3
__ pleaded nolo contendere to count(s) _____ which was accepted by the court.
__ was found guilty on count(s) _____ after a plea of not guilty.

| Title and Section | Nature of Offense | Date Offense Concluded | Counts |
|---|---|---|---|
| 18 USC 2315 | Receiving stolen goods which had crossed a state boundary after being stolen | 11/4/92 | 3 |

The Defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_ The Defendant has been found not guilty on count(s) _____.

__ Count(s) _____ (is)(are) dismissed on the motion of the United States.

**IT IS FURTHER ORDERED** that the Defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: ███7993

Defendant's Date of Birth: ███/49

Defendant's USM No.: 14477-058

Defendant's Mailing Address:
3570 Basswood Place
Lenoir, NC 28645

Date of Imposition of Sentence: 10/5/98

Signature of Judicial Officer

LACY H. THORNBURG
U.S. District Court Judge

Date: 11-19-98

A True Copy, Teste:
Frank G. Johns, Clerk
By _____
Deputy Clerk

Government Exhibit A

Defendant: Danny Brookshire
Case Number: 4:97cr208-4

## PROBATION

The Defendant shall be on probation for a term of 5 Years.

_ The condition for mandatory drug testing is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

## STANDARD CONDITIONS OF SUPERVISION

The defendant shall comply with the standard conditions that have been adopted by this court and any additional conditions ordered.

1) The Defendant shall not commit another federal, state, or local crime.
2) The Defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.
3) The Defendant shall pay any financial obligation imposed by this judgment remaining unpaid as of the commencement of the sentence of probation or the term of supervised release on a schedule to be established by the Probation Officer.
4) The Defendant shall provide access to any personal or business financial information as requested by the probation officer.
5) The Defendant shall not acquire any new lines of credit unless authorized to do so in advance by the probation officer.
6) The Defendant shall not leave the Western District of North Carolina without the permission of the Court or probation officer.
7) The Defendant shall report in person to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
8) A Defendant on supervised release shall report in person to the probation officer in the district to which he or she is released within 72 hours of release from custody of the Bureau of Prisons.
9) The Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
10) The Defendant shall support his or her dependents and meet other family responsibilities.
11) The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other activities authorized by the probation officer.
12) The Defendant shall notify the probation officer within 72 hours of any change in residence or employment.
13) The Defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a licensed physician.
14) The Defendant shall participate in a program of testing and treatment or both for substance abuse if directed to do so by the probation officer, until such time as the defendant is released from the program by the probation officer; provided, however, that defendant shall submit to a drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter for use of any controlled substance, subject to the provisions of 18:3563(a)(4) or 18:3583(d), respectively.
15) The Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
16) The Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
17) The Defendant shall submit his person, residence, office or vehicle to a search, from time to time, conducted by any U.S. Probation Officer and such other law enforcement personnel as the probation officer may deem advisable, without a warrant; and failure to submit to such a search may be grounds for revocation of probation or supervised release. The defendant shall warn other residents or occupants that such premises or vehicle may be subject to searches pursuant to this condition.
18) The Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed by the probation officer.
19) The Defendant shall notify the probation officer within 72 hours of defendant's being arrested or questioned by a law enforcement officer.
20) The Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.
21) As directed by the probation officer, the Defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
22) If the instant offense was committed on or after 4/24/96, the defendant shall notify the probation officer of any material changes in defendant's economic circumstances which may affect the defendant's ability to pay restitution, fines or special assessments.

ADDITIONAL CONDITIONS: Defendant shall be placed on home detention for 6 months, to commence immediately. During this time defendant shall remain at his place of residence except for employment & other activities approved in advance by the probation officer. Defendant shall maintain a telephone at his place of residence without any "call forwarding," Caller ID," call waiting, "modems, answering machines, cordless telephones or other special services for the above period. Defendant shall wear an electronic device & shall observe the rules specified by the probation office. Defendant shall pay the cost of the electronic monitoring portion of this sentence not to exceed the daily contractual rate. Payment for the electronic monitoring shall be made in accordance with the probation officer's direction. Changes to the established r can be made by the probation officer subject to supervisory approval.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments.

| ASSESSMENT | FINE | RESTITUTION |
|---|---|---|
| $100.00 | $ | $93,872.50 |

Restitution: Taylor & Murphy Construction, Inc., 1121 Brevard Rd., Asheville, NC 28806 - $15,000.000 - 1987 Caterpillar D-6H Bulldozer (deft. shall make restitution jointly & severally with co-defts. Joseph Kincaid Byrd, Jr., G. C. Lingerfelt & Isaac Bledsoe);

Landmark American Insurance Co., 9800 S. Meridian Blvd., Englewood, Co. 80112, claim #1132430C, 1988 4x4 Caterpillar Backhoe - $17,472.50 (Deft. Shall make restitution jointly & severally with co-deft. Lingerfelt);

S. T. Wooten Corporation, PO Box 2408, Wilson, NC 27894-2408 - 1987 Caterpillar Motor Grader - $61,400.00 (Deft. shall make restitution jointly & severally with co-deft. Lingerfelt)

### FINE

The above fine includes costs of incarceration, if any, and/or supervision.

The defendant shall pay interest on any fine or restitution of more than $2,500.00, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

x   The interest requirement is waived.

_   The interest requirement is modified as follows:

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A    x    in full immediately; or

B    ___    $_____ immediately, balance due (in accordance with C or D); or

C    ___    not later than _____; or

D    ___    in *(e.g., equal, weekly, monthly, quarterly)* installments of $_____ over a period of year(s) to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and may request the court to establish a payment schedule if appropriate 18 U.S.C. §3572.

Special instructions regarding the payment of criminal monetary penalties: Any payment made that is not payment in full shall be divided proportionately among the victims named. Defendant is jointly & severally liable with co-defendants for the total amount of restitution.

___    The defendant shall pay the cost of prosecution.

___    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments are to be made to the United States District Court Clerk, 309 U.S. Courthouse, 100 Otis St., Asheville, NC 28801, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program. All criminal monetary penalty payments are to be made as directed by the court or the probation officer.

This Judgment may contain an order or authorization providing for the Bureau of Prisons or a U.S. Probation Officer to establish an amount or a schedule of payments as to financial obligations imposed in this Judgment. Any such order or permission shall be subject to the ultimate authority of this Court over such a schedule and its implementation. *United States v. Miller*, 77 F.3d 71, 77-78 (4th Cir. 1996).